**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSHUA WERTZ,

    Defendant - Appellant.

No. 23-6118
(D.C. No. 5:21-CR-00077-SLP-8)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.
_____

Joshua Wertz pled guilty to participating in a drug conspiracy in violation of

21 U.S.C. § 846 and being a drug user in possession of a firearm in violation of

18 U.S.C. § 922(g)(3).  He now challenges the validity of his convictions claiming he

was denied his constitutional right to a speedy trial under the Sixth Amendment.[1]

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Wertz's brief makes passing references to the Speedy Trial Act, 18 U.S.C. §§ 3161 to 3174.  But as the district court noted, "the substance of [his] Motion [was]

## BACKGROUND

## I.

The government charged Wertz by criminal complaint on February 23, 2021. At that time, he was being held by the State of Oklahoma on unrelated charges. On March 31, the Government obtained the first of four writs of habeas corpus *ad prosequendum* in an effort to secure Wertz's appearance at his arraignment, which was scheduled for April 22.[2] The writ was returned unexecuted, prompting a rescheduling of the arraignment. In the meantime, on April 8, the Government returned a multi-count indictment against Wertz along with nine co-defendants.

On April 16, Wertz pled guilty and was sentenced in the state proceeding. On or about May 17, the Government's second writ of habeas corpus *ad prosequendum* was returned unexecuted. On December 13, its third writ was returned unexecuted.

---

directed to the Sixth Amendment." R. vol. 2 at 101, n.3. And because our own review confirms that Wertz failed to identify, much less argue, a single violation of the Speedy Trial Act, we conclude he forfeited his statutory argument. *See United States v. Winder*, 557 F.3d 1129, 1136 (10th Cir. 2009) (explaining that to preserve an argument for appeal, "an objection must be 'definite' enough to indicate to the district court 'the precise ground' for a party's complaint"). Although we typically review forfeited legal arguments for plain error, Wertz makes no plain-error argument here. He has therefore waived consideration of this issue on appeal. *See United States v. Redbird*, 73 F.4th 789, 795 (10th Cir. 2023) (explaining that an appellant's failure to argue plain error with respect to a forfeited issue results in waiver); *United States v. Kearn*, 863 F.3d 1299, 1313 (10th Cir. 2017) ("Generally, the failure to argue for plain error and its application on appeal marks the end of the road for an argument for reversal not first presented to the district court." (internal quotation marks and ellipses omitted)).

[2] "A writ of habeas corpus *ad prosequendum* is an order issued by a federal district court requiring the state to produce a state prisoner for trial on federal criminal charges." *United States v. Ray*, 899 F.3d 852, 858 n.2 (10th Cir. 2018).

Each time, the state custodians either refused to cooperate with the U.S. Marshal trying to execute the writ or could not produce Wertz because he had been transferred to a different facility. Finally, in May 2022, once Wertz was in the custody of the Oklahoma Department of Corrections to serve his sentence, the Government successfully executed its fourth writ and arrested him. Wertz was arraigned on May 19, 2022, approximately fifteen months after the initial charges. During that time, with the consent of his co-defendants, the district court had entered a scheduling order setting a trial date in September 2022. Although the district court informed Wertz of the scheduling order at his arraignment and further advised him that he had fourteen days to object to its terms, Wertz did not object. Nevertheless, on July 31, 2022, Wertz filed a motion to dismiss the indictment claiming the fifteen-month delay between the time of the criminal information and his arraignment violated his speedy trial rights. Specifically, Wertz argued that (1) the length of the delay was presumptively prejudicial; (2) his incarceration in state prison was not a valid reason for the delay; and (3) he never waived his right to a speedy trial.

## II.

In an order dated August 23, 2022, the district court denied Wertz's motion. The court began by recounting the Government's repeated attempts to secure Wertz's custody and noted that, while that effort was unfolding, the court had declared the case complex and set the matter for trial on its September 2022 trial docket. The court noted Wertz had not objected to the trial setting or any other terms of the scheduling order.

3

It then considered Wertz's constitutional speedy-trial argument under the four-part balancing test established in *Barker v. Wingo*, 407 U.S. 514 (1972). Under that test, courts consider (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial rights; and (4) whether the defendant was prejudiced by the delay. *Id.* at 530.

Concerning the first factor, the court held the length of the delay, whether measured from the date of the criminal information, as Wertz urged, or the date of the indictment, as the Government urged, was presumptively prejudicial.[3] But on balance, it concluded the *Barker* factors tilted in favor of the Government. Regarding the second factor, the court found "no indication that the Government was not diligent in its attempts" to writ Wertz from state custody or that it "obtained any tactical advantage over the defense." R. vol. 2 at 105. Therefore "the reasons for the delay [did] not suggest a violation of [Wertz's] Sixth Amendment rights." *Id.* The court also deemed the third factor favorable to the Government because Wertz had not objected to the terms of the scheduling order. And as to the fourth factor, the court held Wertz's failure to identify any specific prejudice stemming from the delay, combined with the fact that he spent the entirety of the delay in state custody, was fatal to his speedy-trial claim. Specifically, the court noted there had been no

---

[3] Under the constitutional test for a speedy trial, the defendant must establish a presumption of prejudice to trigger further examination of his Sixth Amendment claim. *United States v. Nixon*, 919 F.3d 1265, 1269 (10th Cir. 2019). "Prejudice is generally presumed when the delay approaches one year." *Id.*

4

complaints about lost witnesses, faded memories, or any other hindrance to Wertz's defense caused by the delay. It therefore concluded Wertz had "failed to carry his burden to establish a Sixth Amendment violation." *Id.* at 108.

## DISCUSSION

"We review [Wertz's] claim that the government violated the Sixth Amendment's Speedy Trial Clause de novo." *United States v. Seltzer*, 595 F.3d 1170, 1175 (10th Cir. 2010). "For factual findings underlying this legal conclusion, however, we apply the clear-error standard of review." *United States v. Nixon*, 919 F.3d 1265, 1269 (10th Cir. 2019). Although the district court considered all four *Barker* factors, Wertz focuses only on the second factor, claiming the reason for the delay should have tilted in his favor. Specifically, he argues the delay should not be blamed on the nature and complexity of the charges, but rather on the Government's "negligence" in failing to secure him from state custody. Aplt. Br. at 7.

We see no error in the district court's legal analysis or its factual finding as to what caused the delay in this case. The court did not attribute the delay to the complexity of the charges but cited the State of Oklahoma's refusal or inability to relinquish custody of Wertz. Wertz offers nothing to indicate this finding was clearly erroneous. Nor does he challenge the court's conclusions regarding the other *Barker* factors.

Most importantly, Wertz does not contest the district court's conclusion that his failure to specify prejudice doomed his speedy trial claim. *See United States v. Margheim*, 770 F.3d 1312, 1329 (10th Cir. 2014) (holding "in most circumstances,

5

failure to specify prejudice will eviscerate the defendant's claim"); *see also United States v. Frias*, 893 F.3d 1268, 1273 (10th Cir. 2018) (noting the court's "great reluctance to find a speedy trial deprivation where there is no prejudice" (internal quotation marks omitted)).  In considering *Barker's* final factor, we have held that in cases of extreme delay, the defendant may be excused from showing specific evidence of prejudice.  *Seltzer*, 595 F.3d at 1180 n.3.  But "[g]enerally, the court requires a delay of six years before allowing the delay itself to constitute prejudice." *Id.*  Even if the delay in this case is calculated from the date of the criminal information, as Wertz urges, that delay extended only three months beyond the bare minimum needed to trigger judicial examination of the claim.  Such a short delay, standing alone, was not enough to establish prejudice, and without more, Wertz cannot establish a violation of his Sixth Amendment right to a speedy trial.

The judgment of the district court is affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge